■ ALBINI CONSTRUCTION Co., INC., Appellant, v. MONTGOMERY WARD & Co., INCORPORATED, et al., Respondents.— *Per Curiam.* Appeal by plaintiff from a judgment of the Supreme Court at Trial Term entered upon a decision, which dismissed the complaint in an action to foreclose a mechanic's lien, on the ground that plaintiff lacked legal capacity to sue; the trial court thus sustaining the defense interposed under section 218 of the General Corporation Law, in pertinent part providing as follows: " § 218. Contracts of unauthorized corporation not enforceable. A foreign corporation, other than a moneyed corporation, doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority." Appellant does not dispute the findings that plaintiff was, in fact, " doing business in this state " and that it had not " obtained a certificate of authority "; and, with respect to the defense of section 218, states in its brief as the sole issue its contention that: " The overwhelming weight of the credible evidence demonstrates that the agreement entered into between plaintiff-appellant and defendant-respondent was consummated in the State of Connecticut". The facts are well set forth and the issues adequately outlined in the comprehensive opinion written at Trial Term and need not be restated in detail. The work for which payment is sought was performed in New York. There was never a signed agreement between the parties and the trial court found that their contractual arrangement had its inception when plaintiff commenced work in New York, at which time defendant Horn " became obligated to pay the plaintiff for the fair and reasonable value of the labor and material furnished by the plaintiff." Plaintiff's position is that there was a meeting of the minds in Connecticut, the State of plaintiff's incorporation and domicile; that a so-called award of contract issued on May 3, 1963 by Horn and signed by its representative constituted an acceptance of plaintiff's revised proposal which had been prepared and submitted in Connecticut, and hence that we are dealing with a Connecticut contract, not, of course, within the contemplation of section 218. The award of contract called for plaintiff's signature but plaintiff never signed it, because it would not agree to the provisions therein for certain septic tank and curbing work,

nor did it sign the formal contract which Horn later submitted in accordance with the terms of the award. Further, plaintiff had dispatched its men and equipment to the job site in New York before it received the award of contract and, indeed, did not see it until sometime after May 6 and after undertaking the actual commencement of the work. Even more importantly, perhaps, the parties were not in agreement at the time the so-called award was issued or at the time the work was commenced; other areas of disagreement shortly appeared; plaintiff repeatedly stated that clarification of various items was required before a contract could be signed, and, even after leaving the job, plaintiff embodied in a telegram its denial of the existence of any contract. The record adequately supports the conclusion that since the obligations first arose in New York because the work and services creating a contract implied in fact occurred here, the contract sued upon was made in New York. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*